1  Christopher S. Coleman (Bar No. 018287)
   Barry G. Stratford (Bar No. 029923)
2  **PERKINS COIE LLP**
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone: 602.351.8000
4  Facsimile: 602.648.7000
   Email:   CColeman@perkinscoie.com
5            BStratford@perkinscoie.com
             DocketPHX@perkinscoie.com
6
   *Attorneys for Defendants Regenerative Sciences,*
7  *LLC; Christopher Centeno, M.D. and Jane Doe*
   *Centeno; and Mark Conliffe, M.D. and Jane*
8  *Doe Conliffe*

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF ARIZONA

11 Surgenex, LLC, an Arizona limited liability     No. 2:17-cv-02468-JAT
   company,
12
                 Plaintiff,                        **ANSWER OF DEFENDANTS**
13                                                 **REGENERATIVE SCIENCES,**
                                                   **LLC, CHRISTOPHER CENTENO,**
           v.                                      **M.D., AND JANE DOE CENTENO**
14
15 Regenerative Sciences, LLC, a Colorado
   limited liability company doing business as
16 Regenexx; Christopher Centeno, M.D., and
   Jane Doe Centeno, husband and wife; Mark
17 Conliffe, M.D., and Jane Doe Conliffe,
   husband and wife; Interventional Orthopedics
18 Foundation, a Colorado corporation; John and
   Jane Does 1-97, and Black and White
19 Companies 1-97,

20               Defendants.

21         Defendants Regenerative Sciences, LLC ("Regenexx"), and Dr. and Mrs.

22 Christopher Centeno (collectively, "Defendants"), respond as follows to the Complaint

23 filed by Plaintiff Surgenex, LLC ("Surgenex").  Defendants note that this Answer is filed

24 pursuant to General Order 17-08, that Defendants have also filed a Motion to Dismiss in

25 this action, and that this Answer incorporates, and does not waive, the defenses set forth in

26 that motion.

27

28

136882365.3

1.     Paragraph 1 contains no allegations that require response from the Defendants.  To the extent that Paragraph 1 is deemed to contain any such allegations, Defendants deny those allegations.

2.     Defendants deny the allegations of Paragraph 2.

3.     Defendants deny the allegations of Paragraph 3.

4.     Paragraph 4 contains no allegations that require response from the Defendants.  To the extent that Paragraph 4 is deemed to contain any allegations that require a response, Defendants deny those allegations.

5.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 and, on that basis, deny those allegations.

6.     Defendants state that Regenerative Sciences, LLC, is a Colorado limited liability company doing business under the name Regenexx, and that its principal place of business is located at 403 Summit Blvd., Suite 201, Broomfield, CO 80021.

7.     Defendants state that Dr. and Mrs. Christopher Centeno are a married couple residing in Boulder, Colorado.  The remainder of Paragraph 7 consists of legal assertions, to which no response is required.

8.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 and, on that basis, deny those allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 and, on that basis, deny those allegations.

10.    Paragraph 10 contains no allegations that require response from the Defendants.  To the extent that Paragraph 10 is deemed to contain any such allegations, Defendants deny those allegations.

11.    Paragraph 11 states a legal conclusion, to which no response is required.

12.    Paragraph 12 states a legal conclusion, to which no response is required.  To the extent that Paragraph 12 is deemed to contain allegations to which a response is required, Defendants state that Regenexx maintains a website that is accessible to the public at www.regenexx.com and deny the remaining allegations of Paragraph 12.

13.     Paragraph 13 states a legal conclusion, to which no response is required.  To the extent that Paragraph 13 is deemed to contain allegations to which a response is required, Defendants state that Dr. Centeno has authored certain blog posts that appear on the website available at www.regenexx.com and deny the remaining allegations of Paragraph 13.

14.     Paragraph 14 states a legal conclusion, to which no response is required.  To the extent that Paragraph 14 is deemed to contain allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief as to any such allegations and, on that basis, deny those allegations.

15.     Paragraph 15 states a legal conclusion, to which no response is required.  To the extent that Paragraph 15 is deemed to contain allegations to which a response is required, Defendants lack knowledge or information sufficient to form a belief as to any such allegations and, on that basis, deny those allegations.

16.     Paragraph 16 states a legal conclusion, to which no response is required.  To the extent that Paragraph 16 is deemed to contain allegations to which a response is required, Defendants deny those allegations.

17.     Paragraph 17 states a legal conclusion, to which no response is required.  To the extent that Paragraph 17 is deemed to contain allegations to which a response is required, Defendants deny those allegations.

18.     Paragraph 18 states a legal conclusion, to which no response is required.

19.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 and, on that basis, deny those allegations.

20.     Defendants state that Regenexx offers advanced stem cell and blood platelet procedures for treating orthopedic injuries, arthritis and other degenerative conditions. Defendants deny that Regenexx is a direct competitor of Surgenex, or that Regenexx offers procedures that are similar in any material respect to procedures offered by Surgenex.  Defendants deny any remaining allegations of Paragraph 20.

21.     Defendants deny the allegations of Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 and, on that basis, deny those allegations.

23.     No source is provided for the alleged quotations set forth in Paragraph 23. Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 23, and on that basis, deny those allegations.

24.     Defendants state that they believe Interventional Orthopedics Foundation ("IOF") to be an independent research and educational foundation offering unbiased, research-based and objective scientific information regarding interventional orthopedics. Defendants deny any remaining allegations of Paragraph 24.

25.     Defendants state that Dr. Centeno is a board member of IOF but that the remaining board members are not affiliated with the Defendants.  Defendants further state that approximately 18 individuals, including Dr. Centeno, are identified as instructors for IOF.  Defendants deny the remaining allegations of Paragraph 25.

26.     Defendants state that Regenexx and IOF maintain separate office spaces that include office spaces that are located at different addresses and area accessible through different entrances in a building, and that IOF does not rent space from Regenexx. Defendants deny any remaining allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants state that Regenexx maintains a website at www.regenexx.com and that Dr. Centeno contributes in part to the content of that website.

30.     Defendants state that Regenexx maintains a Facebook page at www.facebook.com/Regenexx and that Dr. Centeno contributes in part to the content of that website.

31.     Defendants state their understanding that IOF maintains a website at www.interventionalorthopedics.org, but deny that the website is under the direction and control of the Defendants.

1     32.     Defendants state their understanding that IOF maintains a Facebook page at

2   www.facebook.com/iofoundation, but deny that the page is under the direction and control

3   of the Defendants.

4     33.     Defendants state that the phrase "each of these websites and Facebook

5   pages" is vague and ambiguous, and denies the allegations of Paragraph 33.

6     34.     Defendants state that Regenexx and Dr. Centeno publicize and disseminate

7   information regarding various medical services through websites, Facebook pages and

8   social media, through a blog to which Dr. Centeno contributes content, and through

9   speaking engagements, personal appearances, and other media.  Defendants deny any

10   remaining allegations of Paragraph 34.

11     35.     Defendants deny the allegations of Paragraph 35.

12     36.     Defendants dispute the characterizations of the alleged statements

13   referenced in Paragraph 36, state that the contents of the written materials attached as

14   exhibits and referenced in the complaint speak for themselves, and deny any remaining

15   allegations of Paragraph 36.

16     37.     Defendants deny the allegations of Paragraph 37.

17     38.     Defendants dispute the characterizations of the alleged statements

18   referenced in Paragraph 38, state that the contents of the written materials attached as

19   exhibits and referenced in the complaint speak for themselves, and deny any remaining

20   allegations of Paragraph 38.

21     39.     Defendants dispute the characterizations of the alleged statements

22   referenced in Paragraph 36, state that the contents of the written materials attached as

23   exhibits and referenced in the complaint speak for themselves, and deny any remaining

24   allegations of Paragraph 36.

25     40.     Defendants deny the allegations of Paragraph 40

26     41.     Defendants deny the allegations of Paragraph 41.

27     42.     Defendants dispute the characterizations of the alleged statements

28   referenced in Paragraph 42, state that the contents of the written materials attached as

exhibits and referenced in the complaint speak for themselves, and deny any remaining allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants dispute the characterizations of the alleged statements referenced in Paragraph 45, state that the contents of the written materials attached as exhibits and referenced in the complaint speak for themselves, and deny any remaining allegations of Paragraph 45.

46.     Defendants lack knowledge and information sufficient to form a belief as to how Surgenex markets or recommends its product, and on that basis, deny that allegation. Defendants deny the remaining allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants dispute the characterizations of the alleged statements referenced in Paragraph 48, state that the contents of the written materials attached as exhibits and referenced in the complaint speak for themselves, and deny any remaining allegations of Paragraph 48.

49.     Defendants dispute the characterizations of the alleged statements referenced in Paragraph 49, state that the contents of the written materials attached as exhibits and referenced in the complaint speak for themselves, and deny any remaining allegations of Paragraph 49.

50.     Defendants dispute the characterizations of the alleged statements referenced in Paragraph 50, state that the contents of the written materials attached as exhibits and referenced in the complaint speak for themselves, and deny any remaining allegations of Paragraph 50.

51.     Defendants state that they have not conducted flow-cytometry testing on SurForce.  Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 51, and on that basis deny those allegations.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62, and state that the Complaint misleadingly omits the relevant italicized portions of the quoted blog post, in which Dr. Centeno states "I first made sure that the physician recorded the call *in a state with single consent (as long as one party involved in the recording consents it's legal to record).*"

63.     Defendants admit the allegations of Paragraph 63.

64.     Defendants state that portions of the recorded phone call referred to in Paragraph 63, above, were published on Dr. Centeno's blog which appears at www.regenexx.com.  Defendants further state that the blog post contained the following notice:  "Note: For the sake of accuracy, anyone that wants the full and unedited version of this recording (except for edits of the physician asking the questions) can obtain that on request.  Again, I edited this call to make it fit into a 5-6 minute format so that my readers can hear the high points quickly."   Defendants deny the remaining allegations of Paragraph 64.

65.     Defendants state that portions of the recorded phone call referred to in Paragraph 63, above, were published on Dr. Centeno's blog which appears at www.regenexx.com.  Defendants further state that the blog post contained the following notice:  "Note: For the sake of accuracy, anyone that wants the full and unedited version of this recording (except for edits of the physician asking the questions) can obtain that on

request.  Again, I edited this call to make it fit into a 5-6 minute format so that my readers can hear the high points quickly."   Defendants deny the remaining allegations of Paragraph 65.

66.   Defendants state that portions of the recorded phone call referred to in Paragraph 63, above, were published on Dr. Centeno's blog which appears at www.regenexx.com.  Defendants further state that the blog post contained the following notice:  "Note: For the sake of accuracy, anyone that wants the full and unedited version of this recording (except for edits of the physician asking the questions) can obtain that on request.  Again, I edited this call to make it fit into a 5-6 minute format so that my readers can hear the high points quickly."   Defendants deny the remaining allegations of Paragraph 66.

67.   Defendants deny the allegations of Paragraph 67.

68.   Defendants incorporate their responses to the preceding paragraphs and deny any remaining allegations of Paragraph 68.

69.   Defendants deny the allegations of Paragraph 69.

70.   Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 70 and, on that basis, deny those allegations.

71.   Defendants deny the allegations of Paragraph 71.

72.   Defendants deny the allegations of Paragraph 72.

73.   Defendants deny that they made any false or deceptive statements regarding Surgenex to any financing companies and banks.   Defendants lack knowledge or information sufficient to form a belief as to whether financing companies and banks have indicated that they are considering taking the step of refusing to provide financing or Surgenex's products to Surgenex's customers and potential customers, and on that basis deny that allegation.  Defendants deny any remaining allegations of Paragraph 73.

74.   Defendants deny the allegations of Paragraph 74.

75.   Defendants deny the allegations of Paragraph 75.

76.   Defendants deny the allegations of Paragraph 76.

77.     Defendants deny that they made any false or misleading statements regarding Surgenex.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 77, and on that basis deny those allegations.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny that they made any false or misleading statements regarding Surgenex.  Defendants lack knowledge or information sufficient to form a belief as to whether any individuals made decisions that were or may have been influenced by any statements made by Defendants, and on that basis deny that allegation.  Defendants state that the use of the term "statements" in the final sentence of Paragraph 79 is vague and ambiguous as to which alleged "statements" are being referenced, and on that basis deny the remaining allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Paragraph 82 contains no allegations that require response from Defendants.

83.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 83 and, on that basis, deny those allegations.

84.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 84 and, on that basis, deny those allegations.

85.     Defendants lack knowledge or information sufficient to form a belief as to the first and last sentence of Paragraph 85, and on that basis, deny those allegations.  The remaining portions of Paragraph 85 state legal conclusions, to which no response is required.

86.     Paragraph 86 states legal conclusions, to which no response is required.

87.     Paragraph 87 states legal conclusions, to which no response is required.

88.     Defendants state that the use of the phrase "[t]he images and visual art at issue" is vague and ambiguous, and deny the allegations of Paragraph 88.  Defendants further deny that they engaged in any wrongful conduct, and state that any use by

Defendants of any words or images associated with Surgenex constitute fair use under the copyright laws.

89.   Defendants state that the use of the phrase "the images" is vague and ambiguous, and deny the allegations of Paragraph 89.  Defendants further deny that they engaged in any wrongful conduct, and state that any use by Defendants of any words or images associated with Surgenex constitute fair use under the copyright laws.

90.   Defendants state that the use of the phrase "those images and visual art" is vague and ambiguous, and on that basis deny the allegations of Paragraph 90.  Defendants further deny that they engaged in any wrongful conduct, and state that any use by Defendants of any words or images associated with Surgenex constitute fair use under the copyright laws.

91.   Defendants state that the use of the phrase "image and visual art" is vague and ambiguous, and on that basis deny the allegations of Paragraph 91.  Defendants further deny that they engaged in any wrongful conduct, and state that any use by Defendants of any words or images associated with Surgenex constitute fair use under the copyright laws.

92.   Defendants state that the use of the phrase "copyrighted material" is vague and ambiguous, and on that basis deny the allegations of Paragraph 92.  Defendants further deny that they engaged in any wrongful conduct, and state that any use by Defendants of any words or images associated with Surgenex constitute fair use under the copyright laws.

93.   Defendants incorporate by reference their responses to Paragraphs 1 – 92.

94.   Defendants lack knowledge and information sufficient to form a belief as to the allegations of Paragraph 94 regarding Surgenex's products and services.  Regenexx is a medical network and service-delivery entity that maintains relationships with third-party providers who are located in various states.

95.   Defendants deny the allegations of Paragraph 95.

96.   Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants incorporate by reference their responses to Paragraphs 1 – 104.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

108. Paragraph 108 states a legal conclusion, to which no response is required.

109. Paragraph 109 states a legal conclusion, to which no response is required.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

113. Defendants deny the allegations of Paragraph 113.

114. Defendants incorporate by reference their responses to Paragraphs 1 – 113.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants incorporate by reference their responses to Paragraphs 1 – 115.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123.

124. Defendants deny the allegations of Paragraph 124.

1    125.   Defendants incorporate by reference their responses to Paragraphs 1 – 124.

2    126.   Defendants deny the allegations of Paragraph 126.

3    127.   Defendants deny the allegations of Paragraph 127.

4    128.   Defendants deny the allegations of Paragraph 128.

5    129.   Defendants deny the allegations of Paragraph 129.

6    130.   Defendants deny the allegations of Paragraph 130.

7    131.   Defendants deny the allegations of Paragraph 131.

8    132.   Defendants deny the allegations of Paragraph 132.

9    133.   Defendants incorporate by reference their responses to Paragraphs 1 – 132.

10   134.   Defendants lack knowledge or information sufficient to form a belief as to
11   the allegations of Paragraph 134 and, on that basis, deny those allegations.

12   135.   Defendants lack knowledge or information sufficient to form a belief as to
13   the allegations of Paragraph 135 and, on that basis, deny those allegations.

14   136.   Defendants deny the allegations of Paragraph 136.

15   137.   Defendants deny the allegations of Paragraph 137.

16   138.   Defendants deny the allegations of Paragraph 138.

17   139.   Defendants incorporate by reference their responses to Paragraphs 1 – 138.

18   140.   Defendants deny the allegations of Paragraph 140.

19   141.   Defendants state that the phrase "images and visual art" is vague and
20   ambiguous, and on that basis deny the allegations of Paragraph 141.

21   142.   Defendants deny the allegations of Paragraph 142.

22   143.   Defendants deny the allegations of Paragraph 143.

23   144.   Defendants deny the allegations of Paragraph 144.

24   145.   Paragraph 145 contains no allegations to which any response is required.
25   Defendants further deny that Surgenex is entitled to recover damages.

26   146.   Defendants deny the allegations of Paragraph 146.

27   147.   Defendants deny the allegations of Paragraph 147.

28   148.   Paragraph 148 contains no allegations to which any response is required.

149.   Except as expressly admitted, Defendants deny all remaining allegations in the Complaint.  Defendants further deny that Surgenex is entitled to judgment or to any of the relief it has demanded.

### AFFIRMATIVE DEFENSES

Defendants asserts the following defenses to the causes of action asserted in the Complaint without assuming the burden of proof where such a burden is otherwise on Surgenex pursuant to applicable substantive or procedural law:

### First Defense

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over the Defendants.

### Second Defense

### (Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause of action or to state a claim against Defendants on which relief can be granted.

### Third Defense

### (Statute of Limitations)

Surgenex's claims are barred, in whole or in part, by their respective statutes of limitations.

### Fourth Defense

### (Unclean Hands)

The Complaint is barred, in whole or in part, because Surgenex has acted with unclean hands in this matter.

### Fifth Defense

### (Fair Use)

Surgenex's claims are barred, in whole or in part, because, even assuming *arguendo* that Surgenex is the owner of valid copyright, any alleged use by Defendants constituted a fair use.

**Sixth Defense**

**(De Minimis Use)**

Surgenex's claims are barred, in whole or in part, because, even assuming *arguendo* that Surgenex is the owner of a valid copyright, the amount of protectable expression allegedly appropriated by the Defendants is so meager that the average purchaser would not recognize it, nor would it have any impact on a purchasing decision.

**Seventh Defense**

**(Copyright Misuse)**

Surgenex's claim for infringement of copyrights (Count VII) is barred, in whole or in part, because of the equitable doctrine of copyright misuse, and specifically because Surgenex have not sued Defendants for copyright infringement in order to enforce a copyright or to protect the subject matter allegedly encompassed by a valid copyright registration, but with the ulterior motives of restraining trade and preventing disclosure of information to the public.

**Eighth Defense**

**(Innocent Intent)**

Without in any way admitting any of the allegations in the Complaint, Defendants' alleged actions were taken, if at all, with an innocent intent and without any belief that any acts constituted an infringement, unfair competition, or deceptive trade or business practices.

**Ninth Defense**

**(Competitor Privilege)**

Surgenex's claims are barred, in whole or in part, under the doctrine of competitor privilege.

**Tenth Defense**

**(Puffery or Statements of Opinion)**

Surgenex's claims are barred, in whole or in part, on the grounds that the allegedly defamatory statements are puffery or statements of opinion and not fact.

**Eleventh Defense**

**(Truth)**

Surgenex's claims are barred, in whole or in part, on the grounds that the allegedly false or defamatory statements, whether express or implied, are true or substantially true.

**Twelfth Defense**

**(Libel Per Se)**

Surgenex's claims are barred, in whole or in part, to the extent that the allegedly defamatory statements are not libelous per se and are reasonably subject to an innocent construction, and because Surgenex cannot prove special damages.

**Thirteenth Defense**

**(First Amendment)**

Surgenex's claims are barred, in whole or in part, because Defendants' statements, if any, are protected by the First Amendment, or are otherwise privileged or justified.

**Fourteenth Defense**

**(No Damages)**

Surgenex's claims are barred, in whole or in part, because Surgenex has suffered no damages, injury, or loss from the acts and conduct of Defendants of which it complains. In the alternative, Surgenex's alleged damages, injury, or loss, if any, are too speculative to permit recovery.

**Fifteenth Defense**

**(Failure to Mitigate Damages)**

Surgenex's claims are barred, in whole or in part, because he has failed to mitigate its damages, if any.

**Sixteenth Defense**

**(No Causation)**

Surgenex's claims are barred, in whole or in part, because Surgenex's damages, if any, were not caused, either legally or proximately, by any act or omission of Defendants.

| | |
|---|---|
| 1 | **Seventeenth Defense** |
| 2 | **(Comparative Fault)** |
| 3 |     Surgenex's damages, if any, were directly and proximately caused, or contributed |
| 4 | to, in whole or in part, by the acts or omissions of others, including Surgenex, or other |
| 5 | persons or entities over whom Defendants have or had no control or right of control, and |
| 6 | for whom it was not responsible.  Those acts or omissions were the complete or partial |
| 7 | cause of, or superseded, any acts or omissions of Defendants, if any.  Surgenex's recovery |
| 8 | against Defendants, if any, should therefore be barred or diminished in accordance with |
| 9 | applicable law. |
| 10 | **Eighteenth Defense** |
| 11 | **(No Punitive Damages)** |
| 12 |     Surgenex fails to allege facts sufficient to state a claim for punitive or exemplary |
| 13 | damages against Defendants. |
| 14 | **Nineteenth Defense** |
| 15 | **(No Attorneys' Fees)** |
| 16 |     Surgenex fails to allege facts or a statutory basis to allow recovery of attorneys' |
| 17 | fees from Defendants. |
| 18 | **Twentieth Defense** |
| 19 | **(Defenses Asserted in Motion to Dismiss)** |
| 20 |     Defendants assert, and hereby incorporate by reference, all defenses asserted in |
| 21 | their Motion to Dismiss. |
| 22 | **Twenty-First Defense** |
| 23 | **(Reservation of Rights to Add Defenses)** |
| 24 |     Defendants assert that they have not yet completed discovery in this case and, |
| 25 | accordingly, reserve the right to amend this Answer and assert any additional defenses as |
| 26 | appropriate, including those defenses set forth in Rule 8(c), Arizona Rules of Civil |
| 27 | Procedure. |
| 28 | |

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Defendants pray for judgment as follows:

3

1.      Surgenex takes nothing by its Complaint, and for a judgment in favor of

4

Defendants Regenerative Sciences, LLC, and Dr. and Mrs. Christopher Centeno and

5

against Surgenex, dismissing the Complaint with prejudice;

6

2.      For an award of its costs incurred in the defense of this matter pursuant to

7

A.R.S. § 12-341;

8

3.      For an award of its reasonable attorneys' fees in the defense of this matter

9

pursuant to pertinent provisions of federal and Arizona law; and

10

4.      For such other relief in Defendants' favor as the Court may deem just and

11

proper.

12

Dated:  September 25, 2017                          **PERKINS COIE LLP**

13

14

By:  s/ Christopher S. Coleman

            Christopher S. Coleman
            Barry G. Stratford

15

16

*Attorneys for Defendants Regenerative*
*Sciences, LLC; and Christopher Centeno,*
*M.D. and Jane Doe Centeno*

17

18

19

20

21

22

23

24

25

26

27

28

136882365.3

-17-

1

**CERTIFICATE OF SERVICE**

2          ☒          I hereby certify that on September 25, 2017, I electronically transmitted the

3     attached documents to the Clerk's Office using the CM/ECF System for filing and

4     transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5                                    Michael Gerity
                                **Israel & Gerity, PLLC**
6                                 MGerity@IG-Law.com

7                                 *Attorneys for Plaintiff*

8                                  Maria Crimi Speth
                                    Aaron K. Haar
9                                  Micalann C. Pepe
                                  **Jaburg & Wilk, P.C.**
10                                mcs@jaburgwilk.com
                                   akh@jaburgwilk.com
11                                mcp@jaburgwilk.com

12             *Attorneys for Interventional Orthopedics Foundation*

13         ☒          I hereby certify that on September 25, 2017, I served the attached document

14     by first class mail on the Honorable James A. Teilborg, United States District Court of

15     Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

16

17                                              s/ D. Freouf

18

19

20

21

22

23

24

25

26

27

28